# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KETURAH WINTERS and ERIC WINTERS, husband and wife,** <br> 6018 Cobbs Creek Parkway <br> Philadelphia, PA 19143 <br> **Plaintiffs** <br><br> v. <br><br> **AKZO NOBEL SURFACE CHEMISTRY, LLC a/k/a** <br> **AKZO NOBEL, INC., a/k/a AKZO NOBEL COATINGS,** <br> **INC. a/k/a NOURYON SURFACE CHEMISTRY, LLC** <br> 150  Columbia Avenue <br> Reading, PA  19601 <br> AND <br> **BTX GLOBAL LOGISTICS** <br> 561 Main St. #2 <br> Bethlehem, PA 18018 <br> AND <br> **BILL TIMPANO** <br> **c/o BTX GLOBAL LOGISTICS** <br> 145 Hook Creek Blvd. <br> Building C-3 <br> Valley Stream, NY 11581 <br> AND <br> **WORLDWIDE FLIGHT SERVICES** <br> Philadelphia International Airport <br> Cargo City Building C6 2nd Floor <br> Philadelphia, PA 19153 <br> AND <br> **SPRAY-TEK, LLC** <br> 3010 Avenue B, <br> Bethlehem, PA 18017 <br> AND <br> **BDP INTERNATIONAL, INC.** <br> 501 Walnut Street, 14th Floor <br> Philadelphia, PA 19106 <br> AND <br> **HIGH-TECH PACKING & CRATING, INC.** <br> 147-16 181st Street, <br> Jamaica, New York 11413 | Civil Action No.5:19-cv-05398-JLS <br><br> **FIRST AMENDED COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

> **ABC CORPORATIONS 1-10**
> AND
> **JOHN DOES 1-10**
> **Defendants**

## FIRST AMENDED COMPLAINT – CIVIL ACTION

### JURISDICTION

1.      The Complaint in this matter was first filed in the Philadelphia Court of Common Pleas, Philadelphia County, Pennsylvania.

2.      The Jurisdiction of this Court was invoked by Defendant, Worldwide Flight Services, via their Notice of Removal filed on November 15, 2019.

3.      At the time of the Notice of Removal, Plaintiffs' Complaint named Rose Anne McGovern-Rimbaut, citizen of Pennsylvania, as a Defendant.

4.      Subsequently, Plaintiffs were provided with an Affidavit stating that Rose Anne McGovern-Rimbaut had no involvement in the subject allegations.

5.      Plaintiffs agreed to stipulate to the dismissal of Ms. McGovern-Rimbaut but reserved the right to remand at a later date, if any when appropriate, subject to the Federal Rules of Civil Procedure.

### PARTIES

6.      Plaintiffs, Keturah Winters and Eric Winters, wife and husband, are adult individuals and citizens of the Commonwealth of Pennsylvania who resides at 6018 Cobbs Creek Parkway, Philadelphia, PA 19143.

7.      Defendant, Akzo Nobel Surface Chemistry, LLC a/k/a Akzo Nobel, Inc., a/k/a Akzo Nobel Coatings, Inc., (hereinafter referred to as "Akzo"), is a corporation globally based, which has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, repetitive, continuous, and substantial basis, with a principal place of

business located at the above captioned address.

8.      Defendants, John Doe 1-10 / ABC Corporations 1-10 are individuals or corporate entities who may be involved in any actions relevant to this case which may have been carried out by sister companies, subsidiaries and/or entities otherwise related to Defendant Akzo were taken by said sister companies, subsidiaries, and/or otherwise related entities as alter-egos of Defendant Akzo.

9.      Defendants, John Doe 1-10/ ABC Corporations 1-10 are individuals or corporate entities who may be involved in any actions relevant to this case which may have been carried out by sister companies, subsidiaries, parent companies, predecessor companies, successor companies and/or entities otherwise related to Defendant Akzo, whether foreign or domestic, were carried out at the direction and command of, and under the supervision of Defendant Akzo.

10.      The blending of corporate personnel and responsibilities, as well as financial and other resources enables the "piercing of the corporate veil" to hold Defendant Akzo fully liable for the actions of any such sister companies, subsidiaries or otherwise related entities including but not limited to those in Paragraphs three (3) and Four (4) above.

11.      Defendant, BTX Global Logistics (hereinafter referred to as "BTX") is a corporation globally based, which has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, repetitive, continuous, and substantial basis, with a principal place of business located at the above captioned address.

12.      Defendant, Bill Timpano, (hereinafter referred to as "Timpano"), is an adult individual who at all times relevant herein was employed by Defendant BTX at the above captioned address and was engaged in the business of Defendant BTX on a regular, repetitive, continuous and substantial basis within the County of Philadelphia, Commonwealth of

Pennsylvania.

13.     Defendants, John Doe 1-10 / ABC Corporations 1-10 are individuals or corporate entities who may be involved in any actions relevant to this case which may have been carried out by sister companies, subsidiaries and/or entities otherwise related to Defendant BTX were taken by said sister companies, subsidiaries, and/or otherwise related entities as alter-egos of Defendant BTX.

14.     Defendants, John Doe 1-10 /ABC Corporations 1-10 are individuals or corporate entities who may be involved in any actions relevant to this case which may have been carried out by sister companies, subsidiaries, parent companies, predecessor companies, successor companies and/or entities otherwise related to Defendant BTX, whether foreign or domestic, were carried out at the direction and command of, and under the supervision of, Defendant BTX.

15.     The blending of corporate personnel and responsibilities, as well as, financial and other resources enables the "piercing of the corporate veil" to hold Defendant BTX fully liable for the actions of any such sister companies, subsidiaries or otherwise related entities including but not limited to those described in paragraphs eight (8) and nine (9).

16.     Defendant, Worldwide Flight Services (hereinafter referred to as "Worldwide") is a corporation, existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which at all times relevant hereto owned, operated, maintained, and engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis, with a principal place of business located at the above captioned address.

17.     Defendant, Spray-Tek, Inc. (hereinafter referred to as "Spray-Tek"), is a corporation, existing under and by virtue of the laws of the Commonwealth of Pennsylvania,

which at all times relevant hereto owned, operated, maintained, and engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis, with a principal place of business located at the above captioned address.

18.     Defendant, BDP International, Inc. (hereinafter referred to as "BDP"), is a corporation, existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which at all times relevant hereto owned, operated, maintained, and engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis, with a principal place of business located at the above captioned address.

19.     Defendant, Hi-Tech Packing & Crating, Inc. (hereinafter referred to as "Hi-Tech"), is a corporation, existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which at all times relevant hereto owned, operated, maintained, and engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis, with a principal place of business located at the above captioned address.

20.     Defendants, John Doe 1-10 / ABC Corporations 1-10 are individuals or corporate entities who may be involved in any actions relevant to this case which may have been carried out by sister companies, subsidiaries and/or entities otherwise related to Defendant Worldwide were taken by said sister companies, subsidiaries, and/or otherwise related entities as alter-egos of Defendant Worldwide.

21.     Defendants, John Doe 1-10/ ABC Corporation 1-10 are individuals or corporate entities who may be involved in any actions relevant to this case which may have been carried

out by sister companies, subsidiaries, parent companies, predecessor companies, successor companies and/or entities otherwise related to Defendant Worldwide, whether foreign or domestic, were carried out at the direction and command of, and under the supervision of, Defendant Worldwide.

22.     The blending of corporate personnel and responsibilities, as well as, financial and other resources enables the "piercing of the corporate veil" to hold Defendant Worldwide fully liable for the actions of any such sister companies, subsidiaries or otherwise related entities including but not limited to those described in Paragraphs thirteen (13) and fourteen (14) above.

23.     Defendants, John Doe 1-10/ ABC Corporations 1-10 are entities who were involved in the manufacturing, loading, shipping, transporting, packaging, delivering, inspecting, handling and possessing of the subject chemical known as Alcosphere Lavender Meadows.

24.     Defendants, John Doe 1-10/ ABC Corporations 1-10 are entities who were involved in the manufacturing, inspecting, transporting, loading, shipping, transporting, packaging, delivering the subject fiber drum containers more fully described herein.

25.     Pursuant to Pa. R.Civ.P. 2005, Defendants, John Doe 1-10/ ABC Corporations 1-10 are John Doe/ABC Corporations designated fictitious names and are added to this action because their actual names and/or identities are unknown despite a reasonable and diligent search.

26.     Plaintiff reserves the right to amend this Complaint and name said unknown persons and/or entities as aforementioned as additional defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

## **BACKGROUND**

27.     On or about March 24, 2018, at or about 6:00 PM, Plaintiff, Keturah Winters, was

employed by American Airlines as a Fleet Service Agent and was working in the course and scope of her employment at the Philadelphia International Airport located in Philadelphia, PA, directly adjacent to an aircraft which was being loaded with fiber drum containers which contained a highly toxic, ultrahazardous, and abnormally dangerous chemical, in powder form, known as Alcosphere Lavender Meadows.

28.     The exposure to, inhaling of and/or the ingesting of the aforesaid highly toxic, ultrahazardous, and abnormally dangerous chemical was known to cause serious injuries to persons exposed thereto.

29.     On the aforesaid date, time, and place, the aforesaid Alcosphere Lavender Meadows was packaged for shipment in unsafe fiber drum containers without proper liners.

30.     On the aforesaid date, time, and place, the aforesaid drums were placed on a pallet being ostensibly secured to be loaded onto the aforesaid aircraft.

31.     As the aforesaid drums were being loaded, one of the fiber drums which was improperly secured on a pallet made contact with a "pull-in-hook roller" which was attached to the aircraft and as a result, punctured the said fiber drum.

32.     As a result of the aforesaid improper securement, use of improper containers without adequate liners and the subsequent puncture, the highly toxic, ultrahazardous, and abnormally dangerous powdered chemical contents of the drum were caused to be expelled and permeated the vicinity of the aircraft where the Plaintiff, Keturah Winters was situated causing Plaintiff to be exposed to the same.

33.     As a result of her exposure to and the ingesting and inhaling of the aforesaid highly toxic, ultrahazardous, and abnormally dangerous chemical, Plaintiff, Keturah Winters was caused to sustain the serious personal injuries and other damages which are hereinafter set forth

in detail.

## DEFENDANTS' INVOLVEMENT

34.     On or about March 24, 2018, and for a long time prior thereto, Defendant, Akzo was a leading global paints and coatings company and a major producer, manufacturer, storer and loader of specialty chemicals which are ultrahazardous, dangerous and highly toxic.

35.     On or about March 24, 2018, Defendant, Akzo was the manufacturer, seller, shipper, possessor and transporter of the aforesaid highly toxic, ultrahazardous, abnormally dangerous chemical, as well as the aforesaid fiber drum containers housing said chemicals.

36.     Defendant, Akzo was responsible for the placing of said highly toxic, ultrahazardous, abnormally dangerous chemical in containers which were safe and secure for use, handling and transportation to their ultimate destination, including the County of Philadelphia, Pennsylvania.

37.     Likewise, Defendant, Spray-Tek, was the manufacturer, seller, shipper, possessor and transporter of the aforesaid highly toxic, ultrahazardous, abnormally dangerous chemical, as well as the aforesaid fiber drum containers housing said chemicals.

38.     The aforesaid fiber drum containers, being loaded onto the aforesaid aircraft, were defective, unsafe and abnormally dangerous for the containment and transfer of highly toxic, hazardous and dangerous chemicals in that they were constructed of fiber materials which were too thin and porous and otherwise damaged and which would and did allow the escape of the aforesaid chemicals.

39.     On or about March 24, 2018, Defendant, Akzo carried on an abnormally dangerous activity by manufacturing, possessing, selling, shipping, using, packaging and facilitating the transportation of the aforesaid fiber drums and chemicals for profit.

40.     Likewise, Defendant, Spray-Tek, carried on an abnormally dangerous activity by manufacturing, possessing, selling, shipping, using, packaging and facilitating the transportation of the aforesaid fiber drums and chemicals for profit.

41.     The above incident and the serious personal injuries and other damages sustained by Plaintiff, Keturah Winters, were directly and proximately caused by the neglect, careless and reckless conduct of Defendant, Akzo.

42.     The above incident and the serious personal injuries and other damages sustained by Plaintiff, Keturah Winters, were directly and proximately caused by the neglect, careless and reckless conduct of Defendant, Spray-Tek.

43.     On or about March 24, 2018, and for a long time prior thereto, Defendant, BDP, was a logistics and transportation provider engaging in packaging, shipping, handling, use and delivering of freight and cargo, including, but not limited to, the transfer of cargo containing ultrahazardous, abnormally dangerous and toxic chemicals to various locations including the County of Philadelphia, Pennsylvania.

44.     On or about March 24, 2018, Defendant BDP retrieved the aforementioned highly toxic, hazardous and dangerous chemicals and prepared and packaged the cargo for international airfreight.

45.     Defendant, BDP, carried on an abnormally dangerous activity by possessing, selling, shipping, using, consulting, packaging and facilitating the transportation of the aforesaid fiber drums and chemicals for profit.

46.     The above incident and the serious personal injuries and other damages sustained by Plaintiff, Keturah Winters, were directly and proximately caused by the neglect, careless and reckless conduct of Defendant, BDP.

47.     On or about March 24, 2018, and for a long time prior thereto, Defendant, Hi-Tech, engaged in the business of packaging, consulting, shipping, possessing, and delivering of freight and cargo, including, but not limited to, the transfer of cargo containing ultrahazardous, abnormally dangerous and toxic chemicals to various locations including the County of Philadelphia, Pennsylvania.

48.     On or about March 24, 2018, Defendant Hi-Tech received the aforementioned highly toxic, hazardous and dangerous chemicals and prepared and packaged the cargo for international airfreight.

49.     Defendant, Hi-Tech, carried on an abnormally dangerous activity by possessing, selling, shipping, using, consulting, packaging and facilitating the transportation of the aforesaid fiber drums and chemicals for profit.

50.     The above incident and the serious personal injuries and other damages sustained by Plaintiff, Keturah Winters, were directly and proximately caused by the neglect, careless and reckless conduct of Defendant, Hi-Tech.

51.     On or about March 24, 2018, and for a long time prior thereto, Defendant, BTX, had a national and international network of locations, air and ground series for the shipping, handling, use and delivering of freight and cargo, including, but not limited to, the transfer of cargo containing ultrahazardous, abnormally dangerous and toxic chemicals to various locations including the County of Philadelphia, Pennsylvania.

52.     On or about March 24, 2018 and prior thereto, Defendant, BTX, pursuant to contract, handled and shipped the aforesaid defective, unsafe and abnormally dangerous fiber drum containers containing the aforesaid highly toxic, ultrahazardous and abnormally dangerous chemical to the Philadelphia International Airport.

53.     Prior to said shipment, Defendant, BTX, was responsible for inspecting the aforesaid fiber drum containers and to ensure that they were safely constructed and could safely be transported, loaded and delivered without being punctured, thereby allowing the escape of their highly toxic, ultrahazardous and abnormally dangerous chemical.

54.     On or about March 24, 2018, the above described actions by Defendant, BTX, constituted an abnormally dangerous activity for profit.

55.     The above incident and the serious personal injuries and other damages sustained by Plaintiff, Keturah Winters, were directly and proximately caused by the neglect, careless and reckless conduct of Defendant, BTX.

56.     At all times relevant herein, and for a long time prior thereto, Defendant, Timpano was tasked by Defendant, BTX at its Valley Stream, NY facility to inspect, supervise and approve of the handling and transportation of the ultrahazardous, abnormally dangerous and toxic chemical set forth above to the Philadelphia International Airport.

57.     It was the further duty of Defendant, Timpano, on behalf of Defendant BTX to inspect and approve of the drum containers housing the aforesaid ultrahazardous, abnormally dangerous and toxic chemical to ensure that said drum containers were safely constructed and could be transported without danger or risk of being punctured or broken thereby causing the ultrahazardous, abnormally dangerous and toxic chemical contents of the aforesaid containers to escape and endanger persons who may be in the vicinity of said occurrence, such as the Plaintiff herein.

58.     On or about March 24, 2018, Defendant, Timpano, did inspect, supervise and approve of the shipment of the aforesaid defective, unsafe and abnormally dangerous fiber drum containers containing the aforesaid highly toxic, ultrahazardous and abnormally dangerous

chemical.

59.   On March 24, 2018, Defendant, Timpano, on behalf of Defendant, BTX, executed an Air Way bill for the shipping and delivering by air of the aforesaid defective, unsafe and abnormally dangerous fiber drum containers which specifically included the following language: "Dangerous Goods as per attached DGD" "Nine (9) pieces dangerous goods".

60.   Above Defendant Timpano's signature on the Air Way Bill, the following language was included: "Shipper certifies that the particulars on the face hereof are correct and that insofar as any part of the consignment contains dangerous goods, such part is properly described by name and is in proper condition for carriage by air according to the applicable Dangerous Goods Regulations".

61.   The Air Way bill contained the following language: "Shipper [BTX] agrees that the shipment may be carried via intermediate stopping places which carrier deems appropriate…"

62.   On or about March 24, 2018, the above described actions by Defendant, Timpano, constituted an abnormally dangerous activity for profit.

63.   The above incident and the serious personal injuries and other damages sustained by Plaintiff, Keturah Winters, were directly and proximately caused by the neglect, careless and reckless conduct by Defendant, Timpano.

64.   On or about March 24, 2018, and for a long time prior thereto, Defendant, Worldwide was one of the world's leading ground handling organizations, carrying on abnormally dangerous activities, including but not limited to providing high quality cargo, passenger, premium, ramp, baggage and technical services involving ultrahazardous, abnormally dangerous and toxic chemicals across a network spanning over 198 locations in more than 22

countries on five (5) continents including the County of Philadelphia, Commonwealth of Pennsylvania.

65.     On or about March 24, 2018, Defendant, Worldwide had contracted to inspect, transport, prepare for loading and load the aforesaid defective, unsafe and abnormally dangerous drums containing the aforesaid highly toxic, ultrahazardous, and abnormally dangerous chemical onto a pallet which could then allow said drums to be loaded into the cargo compartment of the aforesaid aircraft.

66.     On the aforesaid date, in order to safely secure the aforesaid defective, unsafe and abnormally dangerous drums onto the aforesaid pallet, Defendant, Worldwide, failed to secure the drums with stretch wrap and bands to ensure that the drums on the pallet, which weighed approximately 5700 pounds, would not shift.

67.     At the above time and place, while the pallet containing the aforesaid defective, unsafe and dangerous fiber drums were being loaded onto the aircraft, the said fiber drum containers shifted and one of the improperly secured drums was punctured by an object attached to the entranceway of the aircraft.

68.     The shifting of the aforesaid defective, unsafe and dangerous fiber drums was caused by the negligent, improper, reckless and unsafe loading and securing of said drums onto the pallet by Defendant Worldwide.

69.     On or about March 24, 2018, the above described actions by Defendant, Worldwide, constituted an abnormally dangerous activity for profit.

70.     The above incident and the serious personal injuries and other damages sustained by Plaintiff, Keturah Winters, were directly and proximately caused by the neglect, careless and reckless conduct by Defendant, Worldwide.

## COUNT I – KETURAH WINTERS v. DEFENDANT, AKZO

## NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANT, AKZO

71.     All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

72.     The negligence, carelessness, and recklessness of Defendant, Akzo, including its agents, servants and/or employees, consisted of the following in addition to the allegations set forth above:

   a.  Constructing, handling, using and facilitating the transportation of said drum constructed of fiber materials which Defendant, Akzo, knew or should have known were defective, unsafe and dangerous when containing the aforesaid ultrahazardous, abnormally dangerous and toxic chemical;

   b.  Constructing, using and transporting said drum constructed of fiber materials when Defendant, Akzo, knew or should have known that the fiber materials used in the construction of said drum could be easily punctured which would allow the escape of the ultrahazardous, abnormally dangerous and highly toxic chemical contents;

   c.  Defendant, Akzo knew or should have known that the said drum containing the aforesaid toxic, abnormally dangerous and ultrahazardous chemical was defective, unsafe and improper in that the walls of the container drum were too thin and porous so that it could be easily punctured and lead to the expulsion of its aforesaid contents;

   d.  Packing or permitting the packing of ultrahazardous, abnormally dangerous and

toxic chemical into the said drum;

e. Transporting, permitting and facilitating the transfer of the said drum when Defendant, Akzo, knew or should have known that the fiber materials used in the construction of said drum could be easily punctured which would allow escape of its contents consisting of the ultrahazardous, abnormally dangerous and toxic chemicals;

f. Failure to inspect the condition and safety of said drum prior to its transportation;

g. Failing to properly place, inspect, maintain, repair or reconstruct the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

h. Failing to safely handle and transport said drum when Defendant, Akzo, knew or should have known of the dangerous and harmful effects of the contents of said drum should it be punctured and expel the said toxic, ultrahazardous, and abnormally dangerous chemicals;

i. Failing to properly train and instruct its employees in the use of proper materials in the construction of said drums which would be safe for the use, handling and transportation of ultrahazardous, abnormally dangerous and toxic chemicals;

j. Allowed and permitted its manufacturer or employees to use thin and porous fiber material in the construction of said drums containing ultrahazardous, abnormally dangerous and toxic chemicals when Defendant, Akzo, knew or should have known of the unacceptable and great risk of said drums being punctured as a result of its defective and unsafe construction;

k. Failing to properly label the said defective and unsafe drums of the great dangers

of puncture, especially when their contents contained ultrahazardous, abnormally dangerous and toxic chemicals;

l. Failing to notify the subsequent users, handlers and transporters of said defective drums of the danger of puncture which would cause the escape of its ultrahazardous, abnormally dangerous and toxic chemicals;

m. Failing to properly notify and warn the subsequent users, handlers and transporters of said defective drums of the harmful and dangerous risks and consequences to persons who might be exposed to, inhale or ingest the ultrahazardous, abnormally dangerous and toxic chemicals should the drums be punctured;

n. Failing to properly document, warn, and advise those persons who may be in the nearby vicinity of said defective drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

o. Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

p. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations and industry standards which are relevant to this matter; and

q. Failing to exercise reasonable care in the use, construction, packaging, labeling, handling, transport, securing, and loading of the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemicals.

73.    By reason of the careless, negligent and reckless conduct of Defendant, Akzo, Plaintiff,  Keturah Winters was caused to sustain serious and permanent personal injuries including, but not limited to:  respiratory distress, acute asthma exacerbation, dyspnea, mucosal

edema, chronic rhinitis, Reactive Airways Dysfunction Syndrome (RADS) secondary to toxic exposure, mental and emotional distress and other body parts; an anxiety reaction and shock to her nerves and nervous system; and other neurological, psychological and respiratory injuries, the full extent of which is yet to be determined. All of the preceding may and probably will be permanent in nature and will continue into the indefinite future.

74.     By reason of the aforesaid incident, Plaintiff, Keturah Winters, has been and will in the future be hindered and prevented from attending to her usual and daily occupational duties and activities, which has resulted in and will continue to result in a loss of earnings and earning power and other damages, all of which is to her great financial detriment and loss.

75.     As a result of the aforesaid incident, Plaintiff, Keturah Winters, has lost the ability to enjoy life to the fullest degree and has been prevented and will in the future be prevented from pursuing her normal and daily duties and activities of life, all of which is to her great financial loss and detriment.

76.     As a result of the aforesaid incident, Plaintiff, Keturah Winters, has incurred various medical  and other related expenses and will be obliged for an indefinite period of time in the future to continue to expend monies and incur further obligations for her medical care and treatment and other related expenses.

77.     As a result of the conduct of Defendants, Plaintiff, Keturah Winters, has sustained and makes claims for extreme pain, suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, loss of life's pleasures, and any and all other damages to which she is entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Akzo, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT II- KETURAH WINTERS V. DEFENDANT, AKZO
### STRICT LIABILITY OF DEFENDANT, AKZO

78.     All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

79.     As a result of its abnormally dangerous activity set forth in all of Plaintiff's preceding allegations herein, Defendant, Akzo is strictly liable to Plaintiff Keturah Winters under the Restatement of Torts (Second) including, but not limited to Sections 519 and 520 as follows:

a.  Defendant, Akzo is engaged in the business of production, manufacturing, using, handling, transporting, selling, transferring, distributing, and loading of a chemical known as Alcosphere Lavender Meadows, a chemical which is toxic, ultrahazardous and abnormally dangerous;

b.  The drum set forth above which was punctured and contained the chemical known as Alcosphere Lavender Meadows was constructed, manufactured, used and transported by Defendant, Akzo;

c.  The drum and its contents set forth above were marketed and placed in the general stream of commerce by the Akzo;

d.  The drum and its contents set forth above was expected and intended to reach its users without substantial change in the condition in which it was received,

transported, and secured;

e.   The danger of puncture to the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemical Alcosphere Lavender Meadows during its transport and loading onto aircraft was foreseeable;

f.   Defendant, Akzo failed to properly document and label the toxic, ultrahazardous, and abnormally dangerous contents of the said drum which was being transported;

g.   Defendant, Akzo failed to undertake proper precautions to safely transport said drum;

h.   Defendant, Akzo knew or should have known that the drum containing the aforesaid toxic and ultrahazardous chemical was unsafe and improper in that the walls of the said container drum were too thin and porous so that it could be easily punctured and lead to the expulsion of the aforesaid contents;

i.   Defendant, Akzo knew or should have known that the said drums it manufactured or used would be transported, secured, and loaded onto pallets, and that said drums were unsafely and defectively built being composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, ultrahazardous, and abnormally dangerous chemicals contained therein;

j.   Defendant, Akzo, failed to train and instruct its employees in the manufacture and/or use of safe and proper materials in the construction of said drums containing toxic, ultrahazardous, and abnormally dangerous chemicals in order to prevent any punctures which would allow the expelling of said contents;

k.   Defendant, Akzo, failed to notify the subsequent users, handlers and transporters of said drums of the danger of puncture which would cause the escape of its

ultrahazardous, abnormally dangerous and toxic chemicals;

l. Defendant, Akzo, failed to properly document, warn and advise those persons who may be in the nearby vicinity of said drums, including Plaintiff Keturah Winters, of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

m. Defendant, Akzo knew or should have known of the existence of a high degree of risk of harm to persons such as Plaintiff, Keturah Winters, as a result of its activity herein;

n. Defendant, Akzo, knew or should have known that the harm to Plaintiff, Keturah Winters, would be great;

o. Defendant, Akzo, knew or should have known the risk of puncture to the said drum and the danger of its aforesaid activity in the manufacture, possession, use, handling and transportation of said drum;

p. The value to the community of the chemical described herein which is a surfactant (a fragrant and/or powder which goes into paint) is greatly outweighed by its dangerous attributes; and

q. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations and industry standards which are relevant to this matter.

80.     The drum and its contents set forth above were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

81.     As a result of the foregoing, Defendant, Akzo, is strictly liable to the Plaintiff.

82.   By reason of said Defendant Akzo's reckless conduct and its willful and intentional failure to conform to its obligations and duties under the Restatement of the Law of Torts (second), including, but not limited to Section 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent disabling personal injuries and other damages previously described.

83.   Defendant, Akzo, by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities is strictly liable to plaintiff, Keturah Winters without regard to its negligent, reckless or willful conduct for all damages and injuries sustained by said Plaintiff, even if it had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Akzo and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa.R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT III – KETURAH WINTERS v. DEFENDANT, BTX
### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANT, BTX

84.   All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

85.   The negligence, carelessness, and recklessness of Defendant, BTX, directly and by and through its agents, servants and/or employees, consisted of the following in addition to the allegations set forth above:

   a.   Failure to inspect the condition and safety of said drum prior to its transportation;

   b.   Transporting, permitting and facilitating the transfer to the said drum when Defendant, BTX, knew or should have known that the fiber materials used in the

construction of said drum could be easily punctured which would allow the escape of its contents consisting of the ultrahazardous, abnormally dangerous and toxic chemicals;

c.  Failing to properly place, inspect, maintain, repair or reconstruct the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

d.  Failing to safely load said drum for transport;

e.  Failing to properly place, inspect, maintain and/or repair the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

f.  Failing to safely transport, secure, and load said drum when Defendant, BTX, knew or should have known of the dangerous and harmful effects of the contents of said drum should it be punctured and expel the said toxic, ultrahazardous, abnormally dangerous and toxic chemicals;

g.  Handling, using and transporting said drum containing the said highly toxic, ultrahazardous and abnormally dangerous chemical when Defendant, BTX, knew or should have known of its defective construction and the propensity and risk of said drum being punctured;

h.  Failing to properly document and label the said defective and unsafe drums of the great dangers of puncture, especially when their contents contained ultrahazardous, abnormally dangerous and toxic chemicals;

i.  Failing to notify the subsequent users, handlers and transporters of said drums of the danger of puncture which would cause the escape of its ultrahazardous,

abnormally dangerous and toxic chemicals;

j.  Failing to properly notify and warn the subsequent users, handlers and transporters of said drums of the harmful and dangerous risks and consequences to persons who might be exposed to, inhale or ingest the ultrahazardous, abnormally dangerous and toxic chemicals should the drums be punctured;

k.  Failing to properly document, warn and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

l.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

m.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

n.  Failing to comply with all relevant Federal, State, and International codes, laws, rules, regulations and industry standards which are relevant to this matter;

o.  Failing to exercise reasonable care in the use, construction, packaging, labeling, handling, transport, securing and loading of the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemicals; and

p.  Failing to properly train, instruct, and provide necessary information and guidelines to its employees on the proper way or method of using, handling, transporting, inspecting, securing and loading said drums.

86.   As a result of Defendant, BTX's aforesaid conduct, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent disabling injuries and other damages set forth above.

WHEREFORE, Plaintiff, Keturah Winters and Eric Winters, demand judgment against Defendant, BTX, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT IV – KETURAH WINTERS v. DEFENDANT, BTX

### STRICT LIABILITY OF DEFENDANT, BTX

87.     All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

88.     As a result of its abnormally dangerous activity set forth in all of Plaintiff's preceding allegations herein, Defendant, BTX, is strictly liable to Plaintiff Keturah Winters under the Restatement of Torts (Second) including, but not limited to, Sections 519 and 520 as follows:

    a. By its activities set forth above, Defendant BTX was at the time of the aforesaid incident engaged in the business of possessing, using, selling, transferring, transporting, distributing, and loading of chemicals known as Alcosphere Lavender Meadows, a chemical which is toxic, ultrahazardous and dangerous;

    b. The drum set forth above which was punctured contained the aforesaid chemical known as Alcosphere Lavender Meadows;

    c. Defendant, BTX, failed to properly inspect the aforesaid drum before transporting, securing and loading it to a subsequent user;

    d. The danger of puncture to the drum containing the toxic, ultrahazardous, and dangerous chemical Alcosphere Lavender Meadows during its transport and

loading was foreseeable;

e. Defendant, BTX, failed to properly document and label said drum of its toxic, ultrahazardous, and dangerous contents;

f. Defendant, BTX, failed to undertake proper precautions to safely load, transport, and secure said drum;

g. Defendant, BTX, failed to properly train, instruct, and provide necessary information and guidelines to its employees on the proper way or method of transporting, using, handling, inspecting, securing and loading said drums;

h. Defendant, BTX, knew or should have known that the aforesaid drum containing the aforesaid toxic, ultrahazardous and dangerous chemical was defective, unsafe and improper for transport and loading in that it could be easily punctured and lead to the expulsion of the aforesaid contents;

i. Defendant, BTX, knew or should have known that the defective and unsafe drums it transported, handled, used, secured, and loaded, were built and composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, hazardous, and dangerous chemicals stored therein;

j. Defendant, BTX, failed to properly warn and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

k. Defendant, BTX, knew or should have known of the existence of a high degree of risk of harm to persons such as Plaintiff, Keturah Winters, as a result of its activity herein;

l. Defendant, BTX, knew or should have known that the harm to Plaintiff, Keturah

Winters, would be great;

m. Defendant, BTX, knew or should have known of the unreasonable risk of puncture to the said drum and the danger of its aforesaid activity in the securing, using, handling, transportation and loading of said drum;

n. The value to the community of the chemical described herein which is a surfactant (a fragrant and/or powder which goes into paint) is greatly outweighed by its dangerous attributes;

o. Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations; and

p. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations and industry standards which are relevant to this matter.

89.     The drum and its contents set forth above were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

90.     As a result of the foregoing Defendant, BTX, is strictly liable to the Plaintiff.

91.     By reason of Defendant, BTX's reckless conduct and its willful and intentional failure to conform to its obligations and duties under the Restatement of the Law of Torts (second), including, but not limited to Sections 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanently disabling personal injuries and other damages set forth above.

92.     Defendant, BTX, by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities is strictly liable to Plaintiff, Keturah Winters, without regard to

its negligent, reckless or willful conduct for all damages and injuries sustained by Plaintiff, even if it had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, BTX, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT V – KETURAH WINTERS V. BILL TIMPANO

### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANT, TIMPANO

93.     All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

94.     In addition to the allegations set forth above, the negligence, carelessness, and recklessness of Defendant, Timpano, consisted of the following:

   a.  Failure to properly inspect, supervise and approve of the handling and transfer of the aforesaid drum which contained ultrahazardous, abnormally dangerous and toxic chemicals;

   b.  Failure to insure and require that said drum was safely constructed and be transported without danger or risk of being punctured or broken;

   c.  Executing the aforesaid Air Way Bill, when Defendant, Timpano, knew or should have known that said drum being transported was defectively and dangerously constructed and constituted a foreseeable and unreasonable risk and danger of being punctured which would cause the escape of said contents and endanger persons who may be in the vicinity of said occurrence;

d. Failure to properly document and label said drum of its toxic, ultrahazardous, and dangerous chemical content, as well as the danger of any puncture of said drum as a result of its faulty and unsafe construction;

e. Failure to use, train and instruct the employees of Defendant, BTX, in the use and transportation and handling of safe and proper materials in the construction of said container drums containing toxic, hazardous, and dangerous chemicals in order to prevent any punctures which would allow the expulsion of said contents;

f. Failure to take the necessary and proper precautions to prevent the puncture of said drum while being transported or loaded onto subsequent carriers or aircraft;

g. Failure to ascertain and inspect said drums to ensure that their construction and the materials used for their construction were adequate to prevent any puncture into said drums which would cause the release and expulsion of the toxic, ultrahazardous and abnormally dangerous chemicals stored therein;

h. Failure to adequately document and label the said drums of the toxic, ultrahazardous, and abnormally dangerous chemical contents thereof, as well as the danger of any puncture of said drums as a result of their faulty and unsafe construction;

i. Failure to properly document, warn and advise those persons who may be in the nearby vicinity of said drums including Plaintiff, Keturah Winters, of the dangerous risk or possibility of the puncture of said drums which would allow the expulsions of the contents thereof;

j. Failure to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

k.  Failure to comply with all relevant Federal, State and International codes, laws, rules, regulations, and industry standards which are relevant to this matter; and

l.  Failure to exercise reasonable care in the transport, securing, and loading of the said drum containing the toxic, ultrahazardous and abnormally dangerous chemicals.

95.  As a result of Defendant, Timpano's aforesaid negligent, careless and reckless conduct, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent injuries and other damages set forth above.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Timpano, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT VI – KETURAH WINTERS v. DEFENDANT, TIMPANO
## STRICT LIABILITY OF DEFENDANT, TIMPANO

96.  All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

97.  As a result of his abnormally dangerous activity set forth in all of Plaintiff's preceding allegations herein, Defendant, Timpano is strictly liable to Plaintiff, Keturah Winters under the Restatement of Torts (Second) including, but not limited to, Sections 519 and 520 as follows:

a.  Defendant, Timpano, as the employee of BTX, was at all times relevant herein, engaged in the business of possessing, using, selling, transferring, transporting, distributing, and loading of chemicals known as Alcosphere Lavender Meadows, a chemical which is highly toxic, ultrahazardous and dangerous;

b.  The drum set forth above which was punctured contained in the aforesaid chemical known as Alcosphere Lavender Meadows;

c.  Defendant, Timpano, failed to properly inspect the aforesaid defective and dangerous drum before transporting, securing and loading it to a subsequent user;

d.  The danger of puncture to the drum containing the toxic, ultrahazardous, and dangerous chemical Alcosphere Lavendar Meadows during its transport and loading was foreseeable;

e.  Defendant, Timpano, failed to properly document and label said drum of its toxic, ultra-hazardous and dangerous contents;

f.  Defendant, Timpano, failed to undertake proper precautions to safely load, transport, and secure said drum;

g.  Defendant, Timpano, failed to properly train, instruct, and provide necessary information and guidelines to his fellow employees on the proper way or method of using, handling, transporting, inspecting, securing and loading said drums;

h.  Defendant, Timpano, knew or should have known that the aforesaid drum containing the aforesaid toxic, ultrahazardous and dangerous chemical was unsafe, defective and improper for transport and loading in that it could be easily punctured and lead to the expulsion of the aforesaid contents;

i.  Defendant, Timpano, knew or should have known that the drums he permitted to be transported, secured, and loaded were built and composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, hazardous and dangerous chemicals stored therein;

j.  Defendant, Timpano, failed to properly warn and advise those persons who may be

in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

k. Defendant, Timpano, knew or should have known of the existence of a high degree of risk or harm to a person such as Plaintiff, Keturah Winters, as a result of its activity herein;

l. Defendant, Timpano, knew or should have known that the harm to Plaintiff, Keturah Winters, would be great;

m. Defendant, Timpano, knew or should have known of the risk of puncture to the said drum and danger of its aforesaid activity in the securing and transportation of said drum;

n. The value to the community of the chemical described herein which was a surfactant (a fragrant and/or powder which goes into paint) is greatly outweighed by its dangerous attributes;

o. Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

p. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations and industry standards which are relevant to this matter;

98.    The drum and its contents set forth above were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

99.    As a result of the foregoing, Defendant, Timpano, is strictly liable to Plaintiff.

100.    By reason of Defendant, Timpano's reckless conduct and his willful and intentional

failure to conform to his obligations and duties under the Restatement of Torts (second), including, but not limited to Sections 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanently disabling personal injuries and other damages set forth above.

101.   Defendant, Timpano, by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities is strictly liable to Platiniff, Keturah Winters, without regard to his negligent, reckless or willful conduct for all damages and injuries sustained by said Plaintiff, even if he had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiff, Keturah Winters and Eric Winters, demand judgment against Defendant, Timpano, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT VII – KETURAH WINTERS V. DEFENDANT, WORLDWIDE

## NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANT, WORLDWIDE

102.   All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

103.   The negligence, carelessness, and recklessness of Defendant, Worldwide, directly and by and through its agents, servants and/or employees, consisted of the following in addition to the allegations set forth above:

a.   Failure to inspect the condition and safety of said drum prior to its transportation;

b.   Transporting, permitting and facilitating the transfer of the said drum when Defendant, Worldwide, knew or should have known that the fiber materials used in

the construction of said drum could be easily punctured which would allow the escape of its contents consisting of the ultrahazardous, abnormally dangerous and toxic chemicals;

c.  Failing to properly place, inspect, maintain, repair or reconstruct the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

d.  Failing to safely load said drum for transport;

e.  Failing to properly place, inspect, maintain and/or repair the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

f.  Failing to safely transport, secure and load said drum when Defendant, Worldwide, knew or should have known of the dangerous and harmful effects of the contents of said drum should it be punctured and expel the said toxic, ultrahazardous, abnormally dangerous and toxic chemicals;

g.  Handling, using and transporting said drum containing the said highly toxic, ultrahazardous and abnormally dangerous chemical when Defendant, Worldwide, knew or should have known of its defective construction and the propensity and risk of said drum being punctured;

h.  Failing to properly document and label the said defective and unsafe drums of the great dangers of puncture, especially when their contents contained ultrahazardous, abnormally dangerous and toxic chemicals;

i.  Failing to notify and warn the subsequent users, handlers and transporters of said drums of the danger of puncture which would cause the escape of its ultrahazardous,

abnormally dangerous and toxic chemicals;

j.   Failing to properly notify and warn the subsequent users, handlers and transporters of said drums of the harmful and dangerous risks and consequences to persons who might be exposed to, inhale or ingest the ultrahazardous, abnormally dangerous and toxic chemicals should the drum be punctured;

k.   Failing to properly document, warn, and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

l.   Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

m.   Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations, and industry standards which are relevant to this matter;

n.   Failing to exercise reasonable care in the use, construction, packaging, labeling, handling, transport, securing and loading of the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemicals;

o.   Failing to properly train, instruct, and provide necessary information and guidelines to its employees on the proper way or method of using, handling, inspecting, securing and transporting said drums;

p.   Failing to properly inspect, transport, handle and load the aforesaid drums;

q.   Failure to safely secure the aforesaid defective, unsafe and abnormally dangerous drums onto the aforesaid pallet;

r.   Failure to properly use, place and secure the wrapping, side nets and skids to ensure that the said defective drums were safely secured on the aforesaid skid and pallet to

prevent any shifting of the said defective drums;

s.   Failure to properly and safely secure the said defective drums onto the skid and pallet;

t.   As a result of its dangerous, reckless and outrageous failures as above set forth, Defendant, Worldwide, caused the said drum to be punctured;

u.   Otherwise failed to properly and safely inspect, secure and transport the said drums onto the aircraft; and

v.   As a result of the dangerous, reckless and outrageous failures of Defendant, Worldwide, as above set forth, the said punctured drum caused the escape of its highly toxic, ultrahazardous and abnormally dangerous contents.

104.   As a result of Defendant, Worldwide's aforesaid conduct, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent disabling injuries and other damages set forth above.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Worldwide, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT VIII – KETURAH WINTERS v. DEFENDANT, WORLDWIDE

### STRICT LIABILITY OF DEFENDANT, WORLDWIDE

105.   All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

106.   As a result of its abnormally dangerous activity set forth in all of Plaintiff's

preceding allegations herein, Defendant, Worldwide, is strictly liable to Plaintiff, Keturah Winters, under the Restatement of Torts (Second) including, but not limited to, Sections 519 and 520 as follows:

    a. Defendant, Worldwide, is engaged in the business of possessing, using, selling, transferring, transporting, distributing and loading of chemicals known as Alcosphere Lavender Meadows, a chemical which is toxic, ultrahazardous and dangerous;

    b. The drum set forth above which was punctured contained the aforesaid chemical known as Alcosphere Lavender Meadows;

    c. Defendant, Worldwide, facilitated the transfer of said defective drum and failed to properly inspect the aforesaid drum before transporting, securing, preparing it for loading and loading onto the aforesaid aircraft;

    d. The danger of puncture to the drum containing the toxic, ultrahazardous and dangerous chemical Alcosphere Lavender Meadows during its transport and loading was foreseeable;

    e. Defendant, Worldwide, failed to properly document and label said drum of its toxic, ultrahazardous and dangerous contents;

    f. Defendant, Worldwide, failed to undertake proper precautions to safely load, transport and secure said drum;

    g. Defendant, Worldwide, failed to properly train, instruct and provide necessary information and guidelines to its employees on the proper way or method of using, handling, transporting, inspecting, securing and loading said drums;

    h. Defendant, Worldwide, knew or should have known that the aforesaid drum

containing the aforesaid toxic, ultrahazardous and dangerous chemical was unsafe and improper for transport and loading in that it could be easily punctured and lead to the expulsions of the aforesaid contents;

i. Defendant, Worldwide, knew or should have known that the drums it transported, secured and loaded, were built and composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, hazardous and dangerous chemicals stored therein;

j. Defendant, Worldwide, failed to properly warn and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

k. Defendant, Worldwide, knew or should have known of the existence of a high degree of risk of harm to persons such as Plaintiff, Keturah Winters, as a result of its activity herein;

l. Defendant, Worldwide, knew or should have known that the harm to Plaintiff, Keturah Winters, would be great;

m. Defendant, Worldwide, knew or should have known of the risk of puncture to the said drum and inappropriateness of its aforesaid activity in the securing and loading of said drum;

n. Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Associations (IATA) rules and regulations;

o. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations, and industry standards which are relevant to this matter;

p. Failing to properly inspect, transport, handle and transport the aforesaid drums;

q. Failure to safely secure the aforesaid defective, unsafe and abnormally dangerous drums onto the aforesaid pallet;

r. Failure to properly use the wrapping, side nets and skids to ensure that the said defective drums were safely secured on the aforesaid skid and pallet to prevent any shifting of the said defective drums;

s. Failure to properly and safely secure the said defective drums onto the skid and pallet;

t. As a result of its dangerous, reckless and outrageous failures as above set forth, Defendant, Worldwide, caused the said drum to be punctured;

u. As a result of the dangerous, reckless and outrageous failures of Defendant, Worldwide, as above set forth, the said punctured drum caused the escape of its highly toxic, ultrahazardous and abnormally dangerous contents;

v. Otherwise failed to properly and safely inspect, secure and transport the said drums onto the aircraft;

w. The value to the community of the chemical described herein which is a surfactant (a fragrant and/or powder which goes into pain) is greatly outweighed by its dangerous attributes.

107. The drum and its contents set forth above, which Defendant, Worldwide caused to enter the stream of commerce, were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

108. By reason of Defendant, Worldwide's reckless conduct and its willful and

intentional failure to conform to its obligations and duties under the Restatement of the Law of Torts (second), including, but not limited to Sections 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanently disabling personal injuries and other damages set forth above.

109.   Defendant, Worldwide, by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities is strictly liable to Plaintiff, Keturah Winters, without regard to its negligent, reckless or willful conduct for all damages and injuries sustained by Plaintiff, even if it had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Worldwide, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT IX – KETURAH WINTERS V. DEFENDANT, SPRAY-TEK, INC.
## NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANT, SPRAY-TEK, INC.

110.   All of the above allegations are incorporated by reference and made a part hereof as if fully set forth herein.

111.   The negligence, carelessness, and recklessness of Defendant, Spray-Tek, including its agents, servants and/or employees, consisted of the following in addition to the allegations set forth above:

    a.   Constructing, handling, using and facilitating the transportation of said drum constructed of fiber materials which Defendant, Spray-Tek, knew or should have

known were defective, unsafe and dangerous when containing the aforesaid ultrahazardous, abnormally dangerous and toxic chemical;

b.  Constructing, using and transporting said drum constructed of fiber materials when Defendant, Spray-Tek, knew or should have known that the fiber materials used in the construction of said drum could be easily punctured which would allow the escape of the ultrahazardous, abnormally dangerous and highly toxic chemical contents;

c.  Defendant, Spray-Tek knew or should have known that the said drum containing the aforesaid toxic, abnormally dangerous and ultrahazardous chemical was defective, unsafe and improper in that the walls of the container drum were too thin and porous so that it could be easily punctured and lead to the expulsion of its aforesaid contents;

d.  Packing or permitting the packing of ultrahazardous, abnormally dangerous and toxic chemical into the said drum;

e.  Transporting, permitting and facilitating the transfer of the said drum when Defendant, Spray-Tek, knew or should have known that the fiber materials used in the construction of said drum could be easily punctured which would allow escape of its contents consisting of the ultrahazardous, abnormally dangerous and toxic chemicals;

f.  Failure to inspect the condition and safety of said drum prior to its transportation;

g.  Failing to properly place, inspect, maintain, repair or reconstruct the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

h.  Failing to safely handle and transport said drum when Defendant, Spray-Tek, knew or should have known of the dangerous and harmful effects of the contents of said drum should it be punctured and expel the said toxic, ultrahazardous, and abnormally dangerous chemicals;

i.  Failing to properly train and instruct its employees in the use of proper materials in the construction of said drums which would be safe for the use, handling and transportation of ultrahazardous, abnormally dangerous and toxic chemicals;

j.  Allowed and permitted its manufacturer or employees to use thin and porous fiber material in the construction of said drums containing ultrahazardous, abnormally dangerous and toxic chemicals when Defendant, Spray-Tek, knew or should have known of the unacceptable and great risk of said drums being punctured as a result of its defective and unsafe construction;

k.  Failing to properly label the said defective and unsafe drums of the great dangers of puncture, especially when their contents contained ultrahazardous, abnormally dangerous and toxic chemicals;

l.  Failing to notify the subsequent users, handlers and transporters of said defective drums of the danger of puncture which would cause the escape of its ultrahazardous, abnormally dangerous and toxic chemicals;

m. Failing to properly notify and warn the subsequent users, handlers and transporters of said defective drums of the harmful and dangerous risks and consequences to persons who might be exposed to, inhale or ingest the ultrahazardous, abnormally dangerous and toxic chemicals should the drums be punctured;

n.  Failing to properly document, warn, and advise those persons who may be in the nearby vicinity of said defective drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

o.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

p.  Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations and industry standards which are relevant to this matter; and

q.  Failing to exercise reasonable care in the use, construction, packaging, labeling, handling, transport, securing, and loading of the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemicals.

112.  By reason of the careless, negligent and reckless conduct of Defendant, Spray-Tek, Plaintiff, Keturah Winters was caused to sustain serious and permanent personal injuries including, but not limited to:  respiratory distress, acute asthma exacerbation, dyspnea, mucosal edema, chronic rhinitis, Reactive Airways Dysfunction Syndrome (RADS) secondary to toxic exposure, mental and emotional distress and other body parts; an anxiety reaction and shock to her nerves and nervous system; and other neurological, psychological and respiratory injuries, the full extent of which is yet to be determined. All of the preceding may and probably will be permanent in nature and will continue into the indefinite future.

113.  By reason of the aforesaid incident, Plaintiff, Keturah Winters, has been and will in the future be hindered and prevented from attending to her usual and daily occupational duties and activities, which has resulted in and will continue to result in a loss of earnings and earning power and other damages, all of which is to her great financial detriment and loss.

114.  As a result of the aforesaid incident, Plaintiff, Keturah Winters, has lost the ability

to enjoy life to the fullest degree and has been prevented and will in the future be prevented from pursuing her normal and daily duties and activities of life, all of which is to her great financial loss and detriment.

115.   As a result of the aforesaid incident, Plaintiff, Keturah Winters, has incurred various medical  and other related expenses and will be obliged for an indefinite period of time in the future to continue to expend monies and incur further obligations for her medical care and treatment and other related expenses.

116.   As a result of the conduct of Defendants, Plaintiff, Keturah Winters, has sustained and makes claims for extreme pain, suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, loss of life's pleasures, and any and all other damages to which she is entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Spray-Tek, Inc. and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT X – KETURAH WINTERS V. DEFENDANT, SPRAY-TEK, INC.

### STRICT LIABILITY OF DEFENDANT, SPRAY-TEK, INC.

117.   All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

118.   As a result of its abnormally dangerous activity set forth in all of Plaintiff's preceding allegations herein, Defendant, Spray-Tek, is strictly liable to Plaintiff Keturah Winters under the Restatement of Torts (Second) including, but not limited to Sections 519 and

520 as follows:

    a.  Defendant, Spray-Tek is engaged in the business of production, manufacturing, using, handling, transporting, selling, transferring, distributing, and loading of a chemical known as Alcosphere Lavender Meadows, a chemical which is toxic, ultrahazardous and abnormally dangerous;

    b.  The drum set forth above which was punctured and contained the chemical known as Alcosphere Lavender Meadows was constructed, manufactured, used and transported by Defendant, Spray-Tek;

    c.  The drum and its contents set forth above were marketed and placed in the general stream of commerce by the Spray-Tek;

    d.  The drum and its contents set forth above was expected and intended to reach its users without substantial change in the condition in which it was received, transported, and secured;

    e.  The danger of puncture to the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemical Alcosphere Lavender Meadows during its transport and loading onto aircraft was foreseeable;

    f.  Defendant, Spray-Tek failed to properly document and label the toxic, ultrahazardous, and abnormally dangerous contents of the said drum which was being transported;

    g.  Defendant, Spray-Tek failed to undertake proper precautions to safely transport said drum;

    h.  Defendant, Spray-Tek knew or should have known that the drum containing the aforesaid toxic and ultrahazardous chemical was unsafe and improper in that the

walls of the said container drum were too thin and porous so that it could be easily punctured and lead to the expulsion of the aforesaid contents;

i.  Defendant, Spray-Tek knew or should have known that the said drums it manufactured or used would be transported, secured, and loaded onto pallets, and that said drums were unsafely and defectively built being composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, ultrahazardous, and abnormally dangerous chemicals contained therein;

j.  Defendant, Spray-Tek, failed to train and instruct its employees in the manufacture and/or use of safe and proper materials in the construction of said drums containing toxic, ultrahazardous, and abnormally dangerous chemicals in order to prevent any punctures which would allow the expelling of said contents;

k.  Defendant, Spray-Tek, failed to notify the subsequent users, handlers and transporters of said drums of the danger of puncture which would cause the escape of its ultrahazardous, abnormally dangerous and toxic chemicals;

l.  Defendant, Spray-Tek, failed to properly document, warn and advise those persons who may be in the nearby vicinity of said drums, including Plaintiff Keturah Winters, of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

m. Defendant, Spray-Tek knew or should have known of the existence of a high degree of risk of harm to persons such as Plaintiff, Keturah Winters, as a result of its activity herein;

n.  Defendant, Spray-Tek, knew or should have known that the harm to Plaintiff, Keturah Winters, would be great;

o. Defendant, Spray-Tek, knew or should have known the risk of puncture to the said drum and the danger of its aforesaid activity in the manufacture, possession, use, handling and transportation of said drum;

p. The value to the community of the chemical described herein which is a surfactant (a fragrant and/or powder which goes into paint) is greatly outweighed by its dangerous attributes; and

q. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations and industry standards which are relevant to this matter.

119. The drum and its contents set forth above were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

120. As a result of the foregoing, Defendant, Spray-Tek, is strictly liable to the Plaintiff.

121. By reason of said Defendant Spray-Tek's reckless conduct and its willful and intentional failure to conform to its obligations and duties under the Restatement of the Law of Torts (second), including, but not limited to Section 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent disabling personal injuries and other damages previously described.

122. Defendant, Spray-Tek, by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities is strictly liable to plaintiff, Keturah Winters without regard to its negligent, reckless or willful conduct for all damages and injuries sustained by said Plaintiff, even if it had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Rose Ann McGovern-Rimbaut, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT XI –

## KETURAH WINTERS V. DEFENDANTS, BDP INTERNATIONAL, INC.

## NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANTS BDP INTERNATIONAL, INC.

123.   All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

124.   The negligence, carelessness, and recklessness of Defendant, BDP, directly and by and through its agents, servants and/or employees, consisted of the following in addition to the allegations set forth above:

   a.  Failure to inspect the condition and safety of said drum prior to its transportation;

   b.  Transporting, permitting and facilitating the transfer to the said drum when Defendant, BDP, knew or should have known that the fiber materials used in the construction of said drum could be easily punctured which would allow the escape of its contents consisting of the ultrahazardous, abnormally dangerous and toxic chemicals;

   c.  Failing to properly place, inspect, maintain, repair or reconstruct the drums in order to prevent the possibility of any puncture to said drums and the release of

their toxic, hazardous and abnormally dangerous chemicals;

d.  Failing to safely load said drum for transport;

e.  Failing to properly place, inspect, maintain and/or repair the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

f.  Failing to safely transport, secure, and load said drum when Defendant, BDP, knew or should have known of the dangerous and harmful effects of the contents of said drum should it be punctured and expel the said toxic, ultrahazardous, abnormally dangerous and toxic chemicals;

g.  Handling, using and transporting said drum containing the said highly toxic, ultrahazardous and abnormally dangerous chemical when Defendant, BDP, knew or should have known of its defective construction and the propensity and risk of said drum being punctured;

h.  Failing to properly document and label the said defective and unsafe drums of the great dangers of puncture, especially when their contents contained ultrahazardous, abnormally dangerous and toxic chemicals;

i.  Failing to notify the subsequent users, handlers and transporters of said drums of the danger of puncture which would cause the escape of its ultrahazardous, abnormally dangerous and toxic chemicals;

j.  Failing to properly notify and warn the subsequent users, handlers and transporters of said drums of the harmful and dangerous risks and consequences to persons who might be exposed to, inhale or ingest the ultrahazardous, abnormally dangerous and toxic chemicals should the drums be punctured;

k.  Failing to properly document, warn and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

l.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

m.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

n.  Failing to comply with all relevant Federal, State, and International codes, laws, rules, regulations and industry standards which are relevant to this matter;

o.  Failing to exercise reasonable care in the use, construction, packaging, labeling, handling, transport, securing and loading of the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemicals; and

p.  Failing to properly train, instruct, and provide necessary information and guidelines to its employees on the proper way or method of using, handling, transporting, inspecting, securing and loading said drums.

125.  As a result of Defendant, BDP's aforesaid conduct, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent disabling injuries and other damages set forth above.

WHEREFORE, Plaintiff, Keturah Winters and Eric Winters, demand judgment against Defendant, BDP, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT XII – KETURAH WINTERS v. DEFENDANT, BDP

### STRICT LIABILITY OF DEFENDANT, BDP

126.    All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

127.    As a result of its abnormally dangerous activity set forth in all of Plaintiff's preceding allegations herein, Defendant, BDP, is strictly liable to Plaintiff Keturah Winters under the Restatement of Torts (Second) including, but not limited to, Sections 519 and 520 as follows:

   a.   By its activities set forth above, Defendant BDP was at the time of the aforesaid incident engaged in the business of possessing, using, selling, transferring, transporting, distributing, and loading of chemicals known as Alcosphere Lavender Meadows, a chemical which is toxic, ultrahazardous and dangerous;

   b.   The drum set forth above which was punctured contained the aforesaid chemical known as Alcosphere Lavender Meadows;

   c.   Defendant, BDP, failed to properly inspect the aforesaid drum before transporting, securing and loading it to a subsequent user;

   d.   The danger of puncture to the drum containing the toxic, ultrahazardous, and dangerous chemical Alcosphere Lavender Meadows during its transport and loading was foreseeable;

   e.   Defendant, BDP, failed to properly document and label said drum of its toxic, ultrahazardous, and dangerous contents;

   f.   Defendant, BDP, failed to undertake proper precautions to safely load, transport, and secure said drum;

g. Defendant, BDP, failed to properly train, instruct, and provide necessary information and guidelines to its employees on the proper way or method of transporting, using, handling, inspecting, securing and loading said drums;

h. Defendant, BDP, knew or should have known that the aforesaid drum containing the aforesaid toxic, ultrahazardous and dangerous chemical was defective, unsafe and improper for transport and loading in that it could be easily punctured and lead to the expulsion of the aforesaid contents;

i. Defendant, BDP, knew or should have known that the defective and unsafe drums it transported, handled, used, secured, and loaded, were built and composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, hazardous, and dangerous chemicals stored therein;

j. Defendant, BDP, failed to properly warn and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

k. Defendant, BDP, knew or should have known of the existence of a high degree of risk of harm to persons such as Plaintiff, Keturah Winters, as a result of its activity herein;

l. Defendant, BDP, knew or should have known that the harm to Plaintiff, Keturah Winters, would be great;

m. Defendant, BDP, knew or should have known of the unreasonable risk of puncture to the said drum and the danger of its aforesaid activity in the securing, using, handling, transportation and loading of said drum;

n. The value to the community of the chemical described herein which is a

surfactant (a fragrant and/or powder which goes into paint) is greatly outweighed by its dangerous attributes;

o.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations; and

p.  Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations and industry standards which are relevant to this matter.

128.    The drum and its contents set forth above were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

129.    As a result of the foregoing Defendant, BDP, is strictly liable to the Plaintiff.

130.    By reason of Defendant, BDP'S reckless conduct and its willful and intentional failure to conform to its obligations and duties under the Restatement of the Law of Torts (second), including, but not limited to Sections 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanently disabling personal injuries and other damages set forth above.

131.    Defendant, BDP, by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities is strictly liable to Plaintiff, Keturah Winters, without regard to its negligent, reckless or willful conduct for all damages and injuries sustained by Plaintiff, even if it had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, BDP, and all other Defendants, jointly and severally, in an amount in excess of Fifty

Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

**COUNT XIII – KETURAH WINTERS V. DEFENDANT, HI-TECH**

**NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANT, HI-TECH**

132.    All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

133.    The negligence, carelessness, and recklessness of Defendant, Hi-Tech, directly and by and through its agents, servants and/or employees, consisted of the following in addition to the allegations set forth above:

    a.   Failure to inspect the condition and safety of said drum prior to its transportation;

    b.   Transporting, permitting and facilitating the transfer of the said drum when Defendant, Hi-Tech, knew or should have known that the fiber materials used in the construction of said drum could be easily punctured which would allow the escape of its contents consisting of the ultrahazardous, abnormally dangerous and toxic chemicals;

    c.   Failing to properly place, inspect, maintain, repair or reconstruct the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

    d.   Failing to safely load said drum for transport;

    e.   Failing to properly place, inspect, maintain and/or repair the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

f.  Failing to safely transport, secure and load said drum when Defendant, Hi-Tech, knew or should have known of the dangerous and harmful effects of the contents of said drum should it be punctured and expel the said toxic, ultrahazardous, abnormally dangerous and toxic chemicals;

g.  Handling, using and transporting said drum containing the said highly toxic, ultrahazardous and abnormally dangerous chemical when Defendant, Hi-Tech, knew or should have known of its defective construction and the propensity and risk of said drum being punctured;

h.  Failing to properly document and label the said defective and unsafe drums of the great dangers of puncture, especially when their contents contained ultrahazardous, abnormally dangerous and toxic chemicals;

i.  Failing to notify and warn the subsequent users, handlers and transporters of said drums of the danger of puncture which would cause the escape of its ultrahazardous, abnormally dangerous and toxic chemicals;

j.  Failing to properly notify and warn the subsequent users, handlers and transporters of said drums of the harmful and dangerous risks and consequences to persons who might be exposed to, inhale or ingest the ultrahazardous, abnormally dangerous and toxic chemicals should the drum be punctured;

k.  Failing to properly document, warn, and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

l.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Association (IATA) rules and regulations;

m. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations, and industry standards which are relevant to this matter;

n. Failing to exercise reasonable care in the use, construction, packaging, labeling, handling, transport, securing and loading of the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemicals;

o. Failing to properly train, instruct, and provide necessary information and guidelines to its employees on the proper way or method of using, handling, inspecting, securing and transporting said drums;

p. Failing to properly inspect, transport, handle and load the aforesaid drums;

q. Failure to safely secure the aforesaid defective, unsafe and abnormally dangerous drums onto the aforesaid pallet;

r. Failure to properly use, place and secure the wrapping, side nets and skids to ensure that the said defective drums were safely secured on the aforesaid skid and pallet to prevent any shifting of the said defective drums;

s. Failure to properly and safely secure the said defective drums onto the skid and pallet;

t. As a result of its dangerous, reckless and outrageous failures as above set forth, Defendant, Hi-Tech, caused the said drum to be punctured;

u. Otherwise failed to properly and safely inspect, secure and transport the said drums onto the aircraft; and

v. As a result of the dangerous, reckless and outrageous failures of Defendant, Hi-Tech, as above set forth, the said punctured drum caused the escape of its highly toxic, ultrahazardous and abnormally dangerous contents.

134.    As a result of Defendant, Hi-Tech's aforesaid conduct, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent disabling injuries and other damages set forth above.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Hi-Tech, and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT XIV – KETURAH WINTERS v. DEFENDANT, HI-TECH

## STRICT LIABILITY OF DEFENDANT, HI-TECH

135.    All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

136.    As a result of its abnormally dangerous activity set forth in all of Plaintiff's preceding allegations herein, Defendant, Hi-Tech, is strictly liable to Plaintiff, Keturah Winters, under the Restatement of Torts (Second) including, but not limited to, Sections 519 and 520 as follows:

   a. Defendant, Hi-Tech, is engaged in the business of possessing, using, selling, transferring, transporting, distributing and loading of chemicals known as Alcosphere Lavender Meadows, a chemical which is toxic, ultrahazardous and dangerous;

   b. The drum set forth above which was punctured contained the aforesaid chemical known as Alcosphere Lavender Meadows;

   c. Defendant, Hi-Tech, facilitated the transfer of said defective drum and failed to properly inspect the aforesaid drum before transporting, securing, preparing it for

loading and loading onto the aforesaid aircraft;

d. The danger of puncture to the drum containing the toxic, ultrahazardous and dangerous chemical Alcosphere Lavender Meadows during its transport and loading was foreseeable;

e. Defendant, Hi-Tech, failed to properly document and label said drum of its toxic, ultrahazardous and dangerous contents;

f. Defendant, Hi-Tech, failed to undertake proper precautions to safely load, transport and secure said drum;

g. Defendant, Hi-Tech, failed to properly train, instruct and provide necessary information and guidelines to its employees on the proper way or method of using, handling, transporting, inspecting, securing and loading said drums;

h. Defendant, Hi-Tech, knew or should have known that the aforesaid drum containing the aforesaid toxic, ultrahazardous and dangerous chemical was unsafe and improper for transport and loading in that it could be easily punctured and lead to the expulsions of the aforesaid contents;

i. Defendant, Hi-Tech, knew or should have known that the drums it transported, secured and loaded, were built and composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, hazardous and dangerous chemicals stored therein;

j. Defendant, Hi-Tech, failed to properly warn and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

k. Defendant, Hi-Tech, knew or should have known of the existence of a high degree

of risk of harm to persons such as Plaintiff, Keturah Winters, as a result of its activity herein;

l. Defendant, Hi-Tech, knew or should have known that the harm to Plaintiff, Keturah Winters, would be great;

m. Defendant, Hi-Tech, knew or should have known of the risk of puncture to the said drum and inappropriateness of its aforesaid activity in the securing and loading of said drum;

n. Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Associations (IATA) rules and regulations;

o. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations, and industry standards which are relevant to this matter;

p. Failing to properly inspect, transport, handle and transport the aforesaid drums;

q. Failure to safely secure the aforesaid defective, unsafe and abnormally dangerous drums onto the aforesaid pallet;

r. Failure to properly use the wrapping, side nets and skids to ensure that the said defective drums were safely secured on the aforesaid skid and pallet to prevent any shifting of the said defective drums;

s. Failure to properly and safely secure the said defective drums onto the skid and pallet;

t. As a result of its dangerous, reckless and outrageous failures as above set forth, Defendant, Hi-Tech, caused the said drum to be punctured;

u. As a result of the dangerous, reckless and outrageous failures of Defendant, Hi-Tech, as above set forth, the said punctured drum caused the escape of its highly

toxic, ultrahazardous and abnormally dangerous contents;

v.   Otherwise failed to properly and safely inspect, secure and transport the said drums onto the aircraft;

w.   The value to the community of the chemical described herein which is a surfactant (a fragrant and/or powder which goes into pain) is greatly outweighed by its dangerous attributes.

137.   The drum and its contents set forth above, which Defendant, Hi-Tech caused to enter the stream of commerce, were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

138.   By reason of Defendant, Hi-Tech's reckless conduct and its willful and intentional failure to conform to its obligations and duties under the Restatement of the Law of Torts (second), including, but not limited to Sections 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanently disabling personal injuries and other damages set forth above.

139.   Defendant, Hi-Tech, by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities is strictly liable to Plaintiff, Keturah Winters, without regard to its negligent, reckless or willful conduct for all damages and injuries sustained by Plaintiff, even if it had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendant, Hi-Tech, and all other Defendants, jointly and severally, in an amount in excess of Fifty

Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT XV - KETURAH WINTERS V. DEFENDANTS, JOHN DOE 1-10/ ABC CORPORATIONS 1-10

### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS OF DEFENDANTS JOHN DOE 1-10 AND ABC CORPORATIONS 1-10

140.    All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

141.    The negligence, carelessness, and recklessness of Defendants, John Doe 1-10/ ABC Corporations 1-10, directly and by and through its agents, servants and/or employees, consisted of the following in addition to the allegations set forth above:

   a.   Failure to inspect the condition and safety of said drum prior to its transportation;

   b.   Transporting, permitting and facilitating the transfer of the said drum when said Defendants  knew or should have known that the fiber materials used in the construction of said drum could be easily punctured which would allow the escape of its contents consisting of the ultrahazardous, abnormally dangerous and toxic chemicals;

   c.   Failing to properly place, inspect, maintain, repair or reconstruct the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic, hazardous and abnormally dangerous chemicals;

   d.   Failing to safely load said drum for transport;

   e.   Failing to properly place, inspect, maintain and/or repair the drums in order to prevent the possibility of any puncture to said drums and the release of their toxic,

hazardous and abnormally dangerous chemicals;

f.  Failing to safely transport, secure and load said drum when said Defendants knew or should have known of the dangerous and harmful effects of the contents of said drum should it be punctured and expel the said toxic, ultrahazardous, abnormally dangerous and toxic chemicals;

g.  Handling, using and transporting said drum containing the said highly toxic, ultrahazardous and abnormally dangerous chemical when said Defendants knew or should have known of its defective construction and the propensity and risk of said drum being punctured;

h.  Failing to properly document and label the said defective and unsafe drums of the great dangers of puncture, especially when their contents contained ultrahazardous, abnormally dangerous and toxic chemicals;

i.  Failing to notify and warn the subsequent users, handlers and transporters of said drums of the danger of puncture which would cause the escape of its ultrahazardous, abnormally dangerous and toxic chemicals;

j.  Failing to properly notify and warn the subsequent users, handlers and transporters of said drums of the harmful and dangerous risks and consequences to persons who might be exposed to, inhale or ingest the ultrahazardous, abnormally dangerous and toxic chemicals should the drum be punctured;

k.  Failing to properly document, warn, and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

l.  Failing to conform to the Dangerous Goods Regulations set forth by the

International Air Transport Association (IATA) rules and regulations;

m. Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations, and industry standards which are relevant to this matter;

n. Failing to exercise reasonable care in the use, construction, packaging, labeling, handling, transport, securing and loading of the said drum containing the toxic, ultrahazardous, and abnormally dangerous chemicals;

o. Failing to properly train, instruct, and provide necessary information and guidelines to its employees on the proper way or method of using, handling, inspecting, securing and transporting said drums;

p. Failing to properly inspect, transport, handle and load the aforesaid drums;

q. Failure to safely secure the aforesaid defective, unsafe and abnormally dangerous drums onto the aforesaid pallet;

r. Failure to properly use, place and secure the wrapping, side nets and skids to ensure that the said defective drums were safely secured on the aforesaid skid and pallet to prevent any shifting of the said defective drums;

s. Failure to properly and safely secure the said defective drums onto the skid and pallet;

t. As a result of its dangerous, reckless and outrageous failures as above set forth said Defendants caused the said drum to be punctured;

u. As a result of the dangerous, reckless and outrageous failures of said Defendants as above set forth, the said punctured drum caused the escape of its highly toxic, ultrahazardous and abnormally dangerous contents; and

v. Otherwise failed to properly and safely inspect, secure and transport the said drums

onto the aircraft.

142.    As a result of aforesaid conduct of said Defendants, Plaintiff, Keturah Winters, was caused to sustain the serious and permanent disabling injuries and other damages set forth above.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendants John Doe 1-10/ ABC Corporations 1-10 and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## COUNT XVI – KETURAH WINTERS v. DEFENDANTS, JOHN DOE 1-10/ ABC

## <u>CORPORATIONS 1-10 STRICT LIABILITY OF DEFENDANTS</u>

143.    All of the above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

144.    As a result of their abnormally dangerous activity set forth in all of Plaintiff's preceding allegations herein, Defendants John Doe 1-10/ ABC Corporations 1-10 are strictly liable to Plaintiff, Keturah Winters, under the Restatement of Torts (Second) including, but not limited to, Sections 519 and 520 as follows:

    a.    Said Defendants are engaged in the business of manufacturing, possessing, using, selling, transferring, transporting, distributing, handling and loading of chemicals known as Alcosphere Lavender Meadows, a chemical which is toxic, ultrahazardous and dangerous;

    b.    The drum set forth above which was punctured contained the aforesaid chemical known as Alcosphere Lavender Meadows;

    c.    Said Defendants facilitated the transfer of said defective drum and failed to properly

inspect the aforesaid drum before transporting, securing, prepare it for loading and loading onto the aforesaid aircraft;

d.  The danger of puncture to the drum containing the toxic, ultrahazardous and dangerous chemical Alcosphere Lavender Meadows during its transport and loading was foreseeable;

e.  Said Defendants failed to properly document and label said drum of its toxic, ultrahazardous and dangerous contents;

f.  Said Defendants failed to undertake proper precautions to safely load, transport and secure said drum;

g.  Said Defendants failed to properly train, instruct and provide necessary information and guidelines to its employees on the proper way or method of using, handling, transporting, inspecting, securing and loading said drums;

h.  Said Defendants knew or should have known that the aforesaid drum containing the aforesaid toxic, ultrahazardous and dangerous chemical was unsafe and improper for transport and loading in that it could be easily punctured and lead to the expulsions of the aforesaid contents;

i.  Said Defendants knew or should have known that the drums it transported, secured and loaded, were built and composed of faulty materials which could easily be punctured and lead to the expulsion of the toxic, hazardous and dangerous chemicals stored therein;

j.  Said Defendants failed to properly warn and advise those persons who may be in the nearby vicinity of said drums of the dangerous risk or possibility of the puncture of said drums which would allow the expulsion of the contents thereof;

k.  Said Defendants knew or should have known of the existence of a high degree of risk of harm to persons such as Plaintiff, Keturah Winters, as a result of its activity herein;

l.  Said Defendants knew or should have known that the harm to Plaintiff, Keturah Winters, would be great;

m.  Said Defendants knew or should have known of the risk of puncture to the said drum and inappropriateness of its aforesaid activity in the securing and loading of said drum;

n.  Failing to conform to the Dangerous Goods Regulations set forth by the International Air Transport Associations (IATA) rules and regulations;

o.  Failing to comply with all relevant Federal, State and International codes, laws, rules, regulations, and industry standards which are relevant to this matter;

p.  Failing to properly inspect, transport, handle and transport the aforesaid drums;

q.  Failure to safely secure the aforesaid defective, unsafe and abnormally dangerous drums onto the aforesaid pallet;

r.  Failure to properly use, place and secure the wrapping, side nets and skids to ensure that the said defective drums were safely secured on the aforesaid skid and pallet to prevent any shifting of the said defective drums;

s.  Failure to properly and safely secure the said defective drums onto the skid and pallet;

t.  As a result of its dangerous, reckless and outrageous failures as above set forth, said Defendants caused the said drum to be punctured;

u.  As a result of the dangerous, reckless and outrageous failures of said Defendants as

above set forth, the said punctured drum caused the escape of its highly toxic, ultrahazardous and abnormally dangerous contents;

v.  Otherwise failed to properly and safely inspect, secure and transport the said drums onto the aircraft;

w.  The value to the community of the chemical described herein which is a surfactant (a fragrant and/or powder which goes into pain) is greatly outweighed by its dangerous attributes.

145.  The drum and its contents set forth above were in defective condition as: (1) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

146.  By reason of said Defendants' reckless conduct and their willful and intentional failure to conform to their obligations and duties under the Restatement of the Law of Torts (second), including, but not limited to Sections 519 and 520, as aforesaid, Plaintiff, Keturah Winters, was caused to sustain the serious and permanently disabling personal injuries and other damages set forth above.

147.  Defendants, John Doe 1-10/ ABC Corporations 1-10 by engaging in the aforesaid abnormally dangerous, hazardous and/or ultrahazardous activities are strictly liable to Plaintiff, Keturah Winters, without regard to their negligent, reckless or willful conduct for all damages and injuries sustained by Plaintiff, even if they had exercised the utmost care to prevent the harm.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendants,  John Doe 1-10/ ABC Corporations 1-10 and all other Defendants, jointly and

severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

## LOSS OF CONSORTIUM

### PLAINTIFF, ERIC WINTERS V. ALL DEFENDANTS

148.    Plaintiff, Eric Winters, incorporates by reference and makes a part hereof, all of the preceding paragraphs of this Complaint as though the same were set forth at length herein.

149.    Plaintiff, Eric Winters, at all times material hereto was and is the husband of Wife-Plaintiff, Keturah Winters.

150.    By reason of the aforesaid, Husband-Plaintiff has been deprived of the society, companionship, comfort and consortium of Wife-Plaintiff and may be deprived of the same for an indefinite period of time in the future.

151.    By reason of the aforesaid, Husband-Plaintiff has been obliged to expend various sums of money in an effort to treat and cure Wife-Plaintiff of the injuries she sustained in the aforesaid incident and in addition, Husband-Plaintiff may be obliged in the future to expend additional sums of money in an effort to treat and cure Wife-Plaintiff of the injuries she sustained in the aforesaid incident.

WHEREFORE, Plaintiffs, Keturah Winters and Eric Winters, demand judgment against Defendants,  John Doe 1-10/ ABC Corporations 1-10 and all other Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory and

punitive damages, plus damages pursuant to Pa. R.C.P. 238, interest and costs, and brings this action to recover the same.

**SALTZ MONGELUZZI & BENDESKY, P.C.**

By: *Larry Bendesky*
Larry Bendesky (PA ID No. 51026)
Adam J. Pantano (PA ID No. 85261)
Robert W. Zimmerman (PA ID No. 208410)
Jordan L. Howell (PA ID No. 317159)
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282
Attorneys for Plaintiffs

**SCHWARZ & SCHWARZ, P.C.**

BY: *Daniel Schwarz*
DANIEL A. SCHWARZ (PA ID No. 60180)
Attorney for Plaintiffs